FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 09, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REBECCA J.,[1] <br>         Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br>         Defendant. | No. 1:18-cv-03133-MKD <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ECF Nos. 15, 17 |

     Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 15, 17. The parties consented to proceed before a magistrate judge. ECF No. 7. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's Motion, ECF No. 15, and denies Defendant's Motion, ECF No. 17.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them only by their first names and the initial of their last names.

ORDER - 1

# JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in

ORDER - 3

"substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work

ORDER - 4

activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is

ORDER - 5

capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On November 6, 2014, Plaintiff applied for Title II disability insurance benefits, alleging a disability onset date of October 13, 2014. Tr. 15, 197-204. The application was denied initially, Tr. 129-35, and on reconsideration, Tr. 137-43. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on March 21, 2017. Tr. 36-97. On June 1, 2017, the ALJ denied Plaintiff's claim. Tr. 12-32.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date of October 13, 2014. Tr. 17. At step two, the ALJ found Plaintiff had the following severe impairments: bipolar disorder, bilateral knee degenerative joint disease, obesity, and obstructive sleep apnea. Tr. 17-18. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. Tr. 19-20. The ALJ then concluded that Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff] is capable of engaging in unskilled, repetitive, routine tasks in two hour increments. She can occasionally stoop, squat, crouch, crawl, kneel, and climb ramps and stairs. She should never climb ropes, ladders, scaffolds. [Plaintiff] can have superficial incidental contact with public and

ORDER - 6

>is capable of working in proximity to but not in coordination with co-workers.  She can have occasional contact with supervisors.  [Plaintiff] will be off task at work up to 10% of the work day, but still meets the minimum production requirements of the job.  She can have up to 6 unscheduled absences per year.  [Plaintiff] should never work at heights, drive, balance, or work in close proximity to hazardous conditions.

Tr. 20.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work.  Tr. 24-25.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from a vocational expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as cleaner, housekeeping; assembler, production; and hand packager.  Tr. 25-26.  The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from October 13, 2014, the alleged onset date, through the date of the ALJ's decision.  Tr. 26.

On June 12, 2018, the Appeals Council denied review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability income benefits under Title II of the Social Security Act.  Plaintiff raises the following issues for this Court's review:

ORDER - 7

1. Whether the ALJ properly weighed the medical opinion evidence;

2. Whether the ALJ properly considered Plaintiff's symptom claims; and

3. Whether the ALJ properly evaluated lay witness statements.

ECF No. 15 at 2.

# DISCUSSION

## A. Medical Opinion Evidence

Plaintiff challenges the ALJ's evaluation of the medical opinions of Catherine Smith, M.D., William Drenguis, M.D., LaRee Born, M.S., Elise Sturgeon, Ph.D., Gregory Sawyer, M.D., and Diane Fligstein, Ph.D. ECF No. 15 at 6-22.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a reviewing physician's opinion. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to

the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2011) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995)). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

The opinion of an acceptable medical source such as a physician or psychologist is given more weight than that of an "other source." 20 C.F.R. § 404.1527 (2012); *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. § 404.1513(d)

ORDER - 9

(2013).² However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Plaintiff's treating physician, Catherine Smith, M.D., treated Plaintiff on April 24, 2014. Tr. 317. Dr. Smith noted Plaintiff was concerned that she would be unable to continue working at her job as a courtesy clerk due to "spacing out" on the job and knee pain from osteoarthritis. Tr. 317. After reviewing Plaintiff's job description, Dr. Smith observed that Plaintiff's position required continuous standing and walking, as well as lifting/pulling/pushing up to 50 pounds. Tr. 317. Dr. Smith opined that Plaintiff was able to do most of the courtesy clerk duties, however, Plaintiff was limited to lifting/pulling/pushing 20 pounds. Tr. 317. Dr.

---

² Prior to March 27, 2017, the definition of a medical source, as well as the requirement that an ALJ consider evidence from non-acceptable medical sources, were located at 20 C.F.R. § 404.1513(d).

Smith also opined that Plaintiff was limited in her prolonged standing and walking and should be able to change positions for comfort. Tr. 317.

The ALJ failed to discuss Dr. Smith's opinion or assign a level of weight to it. The ALJ must evaluate every medical opinion received according to a list of factors set forth by the Social Security Administration. 20 C.F.R. § 404.1527(c). "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (citing *Nguyen*, 100 F.3d at 1464). Dr. Smith's report was a medical opinion: a "statement[] from [an] acceptable medical source[] that reflect[s] judgments about the nature and severity of [Plaintiff's] impairment(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite impairments(s) and [her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Defendant asserts that the ALJ was not required to address Dr. Smith's statements because her opinion addressed Plaintiff's impairments before the relevant time period. ECF No. 17 at 7. This argument is not persuasive. The ALJ is required to consider "all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)). Indeed, the regulations indicate that medical opinion evidence predating the claimant's filing can be relevant. *See* 20 C.F.R.§ 404.1512(b) (stating that "[b]efore we make a determination that you are not

ORDER - 11

disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is reason to believe that development of an earlier period is necessary or unless you say that your disability began less than 12 months before you filed your application."). In an unpublished disposition, the Ninth Circuit held it was error for the ALJ to "silently disregard" medical opinion evidence that predates the alleged onset date. *Williams v. Astrue*, 493 F. App'x 866, 868 (9th Cir. 2012).

      Dr. Smith's medical opinion speaks directly to the physical limitations that Plaintiff alleges resulted in her inability to continue working. Tr. 317. Dr. Smith specifically addressed Plaintiff's knee pain, which the ALJ found to be a severe impairment during the relevant time period. Tr. 17-18, 317. She provided an opinion about the effect Plaintiff's knee impairment would have on her job as a courtesy clerk, a position that Plaintiff held until October 13, 2014, her alleged disability onset date. Tr. 57, 108, 223, 233, 478, 488. Dr. Smith provided her treatment and opinion less than six months prior to Plaintiff's alleged disability onset date, and there is no evidence that Plaintiff's condition improved after Dr. Smith provided her medical opinion. In fact, the ALJ determined "[t]he record reveals that [Plaintiff's] allegedly disabling impairments were present at approximately the same level of severity prior to the alleged onset date." Tr. 22-23. Thus, Dr. Smith's medical opinion was significant probative evidence despite

ORDER - 12

being rendered six months before the alleged disability onset date, and the ALJ was required to at least address her statements. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (An ALJ must explain why significant probative evidence has been rejected).

This error is not harmless. The harmless error analysis may be applied where even a treating source's opinion is disregarded without comment. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). An error is harmful unless the reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Here, Dr. Smith, Plaintiff's treating physician, and Dr. Drenguis, an examining physician, were the only medical sources in the record to opine that Plaintiff had physical limitations that restricted her ability to stand and walk. Tr. 317, 482. The ALJ did not discuss this opined limitation—wholly disregarding Dr. Smith's opinion and failing to address this aspect of Dr. Drenguis' opinion. Tr. 23. Dr. Smith's opinion directly addressed whether Plaintiff was able to continue working as a courtesy clerk despite her knee impairment. Tr. 317. The vocational expert testified that if an individual with Plaintiff's RFC was also limited to two hours of standing and walking, the three jobs that were identified as being available to Plaintiff would no longer be available. Tr. 95. Based on this record, without a

ORDER - 13

standing or walking limitation incorporated into the RFC, the Court cannot confidently conclude that the disability determination would remain the same were the ALJ to fully credit Dr. Smith's opinion.

On remand, in light of Plaintiff's bilateral knee degenerative joint disease and the passage of time since the ALJ's June 1, 2017 decision, the ALJ is instructed to schedule a consultative examination pursuant to 20 C.F.R. § 404.1512, take testimony from a medical expert if warranted, reconsider the medical evidence, including Dr. Smith's opinion, and, if necessary, resolve conflicts in the evidence.

B.  Other Challenges

Plaintiff raises several other challenges to the ALJ's evaluation of the medical opinion evidence, Plaintiff's symptom testimony, and lay witness statements. ECF No. 15 at 5-21. The Court declines to address these challenges here. However, the Court briefly addresses the following. First, if the ALJ is to discount Dr. Drenguis' opinion regarding Plaintiff's standing and walking limitations, the ALJ must address these specific limitations and the reasons for discounting them. Tr. 482; *see* 20 C.F.R. § 404.1527(c) (The ALJ must evaluate every medical opinion received according to a list of factors set forth by the Social Security Administration). Second, if the ALJ is to discount Ms. Born's and Dr. Sturgeon's opinions on the grounds that they were inadequately supported, the ALJ

ORDER - 14

must consider not only the explanations, if any, offered in these opinions but whether the opinions were supported by the provider's treatment records or the records reviewed by that provider. Tr. 1182-85, 1187-90; *see Garrison*, 759 F.3d at 1014 n.17; *Trevizo v. Berryhill*, 871 F.3d 664, 667 n.4 (9th Cir. 2017). Third, if the ALJ is to find that Dr. Sawyer's opinion contained an inconsistency because it concluded that Plaintiff was significantly limited by her mental impairments despite the inability to provide any definitive diagnoses, the ALJ must offer a meaningful analysis of this found inconsistency. Tr. 484-92; *see Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988) (recognizing that conclusory reasons do not "achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). Finally, if the ALJ is to credit Dr. Fligstein's nonexamining opinion over the opinions of treating or examining sources, the ALJ must provide specific, legitimate reasons for doing so, rather than give a conclusory reason that the ALJ simply agrees with the opinion. Tr. 112-26; *see Garrison*, 759 F.3d at 1012-13 (An ALJ must set forth specific, legitimate reasons for crediting one medical opinion over a conflicting opinion).

C.  **Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 18 at 11.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague*, 812 F.2d at 1232 (citing *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985)).  When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met.  *Garrison*, 759 F.3d at 1020 (citations omitted).  Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court

ORDER - 16

will remain for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, further proceedings are necessary. As discussed *supra*, the ALJ erred by failing to evaluate Dr. Smith's opinion regarding physical functional limitations. However, Dr. Smith's opinion was contradicted by the nonexamining opinion of Norman Staley, M.D., who opined that Plaintiff could stand and/or walk with normal breaks for a total of about six hours in an eight-hour workday. Tr. 121. The ALJ gave Dr. Staley's opinion significant weight. Tr. 23. Even if the ALJ were to have fully credited Dr. Smith's opinion, the evidence would present an outstanding conflict for the ALJ to resolve. Therefore, further proceedings are necessary for the ALJ to resolve potential conflicts in the evidence. The ALJ is instructed to conduct a new sequential analysis on remand, including reconsidering Plaintiff's symptom testimony and lay witness statements in light of the new analysis of the medical evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

ORDER - 17

1. Plaintiff's Motion for Summary Judgment, ECF No. 15, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 17, is **DENIED**.

3. The Court enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED May 9, 2019.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 18